---

# IN RE BAUM.

ATTORNEYS—*Disbarment—Fraud.*—The complaint in proceedings to disbar the respondent charged that he had been disbarred in the State of New York, and after such disbarment had procured by fraud a certificate from a justice of the Supreme Court of that State, before whom he last practiced, of good standing in his profession, with the intent thereby to deceive and defraud the Supreme Court of this State. Certified copies of the charges preferred against respondent in the State of New York were filed with the complaint, together with copies of all proceedings except the final order of disbarment. It appeared that a decision to disbar the respondent in the State of New York had been rendered by a divided bench; that proceedings were stayed pending an appeal; that either no final order had been made, or the prosecution had been abandoned. All charges were fully denied by the answer of the respondent. *Held*, that the facts in the case at bar, in the absence of a final order of the New York courts, did not warrant an original inquiry by this court into the respondent's professional conduct while in the State of New York. *Held, also*, that in the absence of evidence upon the issue of fraud none could be presumed.

Original proceeding.   Application for disbarment.

Statement of facts, prepared by the judge delivering the opinion.

Application is made to revoke the license granted to Peter M. Baum at the July term, 1890, of this court.   On July 18, 1890, Mr. Baum filed his petition for admission to practice in the courts of this State, and in that petition, among other matters required by the rules of this court, stated that he was, until the 1st of April, 1890, a regularly licensed and practicing attorney and counselor at law of the State of New York, and was such for twenty-two years next preceding that date. He gives the places and times when and where he had practiced in New York.   He states in his petition that he presents, and he did present his original certificate of admission in New York, and the certificate of Hon. George A. Hardin, presiding justice of the Fourth Judicial Department of the Supreme Court of the State of New York, in which Justice Hardin certifies "that Peter M. Baum, late of the city of Syracuse, in said State, and now of the city of Great Falls, in the State of Montana, has practiced law in the highest courts of said State [New York] for the past twenty-two years, and last at said city of Syracuse, in said Fourth Judicial Department, and that he was in good standing in his profession in the said Fourth Judicial Department at the time he practiced there as aforesaid. Dated July 9, 1890."   Upon this petition and certificate, and upon the other papers required by the rules of the court, Mr. Baum was admitted to practice in all the courts of this State, at the July term, 1890.

The charge in the complaint for disbarment rests upon two specifications:  (1) That when the applicant made his petition to this court, he had been disbarred in the State of New York, and not re-instated ; (2) that being so disbarred, he went to a part of the State of New York remote from the place where he had been disbarred, and by fraud obtained the certificate of Justice Hardin, above referred to, and presented the same to this court, with intent to defraud and deceive this court.   With the complaint are filed certified copies of the charges preferred against Mr. Baum in the Second Judicial Department of the

Supreme Court of New York, the testimony in the proceeding, the finding of the referee, and all proceedings, except the final order of disbarment, which, it is alleged in the complaint, is in the possession of one Monchausen in the State of New York, who has not entered the same of record in the New York Supreme Court, and will not allow the complainant to have a copy of the same. The complaint further alleges that said order is held by Monchausen, upon an agreement between him and Baum that it should not be entered, if Baum would leave the State of New York and not return. Defendant files a verified answer. As to the first specification, he denies that he was disbarred in New York, and sets forth the following as the facts: That proceedings were commenced against him in the second department in the city of Poughkeepsie, a referee appointed, and proof taken, report and supplemental report made and submitted to the general term of the Supreme Court at Brooklyn; that in February, 1890, that court, by a divided bench, confirmed the report; that defendant's counsel, in that proceeding, obtained a stay of proceedings pending an appeal to the court of appeals of New York; that this appeal is not perfected, and said stay is still in force; that it was understood with the prosecution that no further proceedings should be had, and the prosecution was abandoned before defendant applied for admission to practice in this court. Defendant denies that there was any agreement to forbear prosecution of the New York case, if defendant would leave that State. It is proper to suggest here that the allegation of the answer that the report of the New York referee was confirmed is ambiguous, for an inspection of that report shows that the referee reported only evidence and facts found by him, and no conclusions drawn from the facts, so there was nothing for the general term in Brooklyn to confirm. But the true situation appears from a letter of Hon. J. F. Barnard, presiding justice of the general term referred to, which letter counsel in this proceeding seem to each concede may be considered as evidence in the case. Justice Barnard says: "An application was made to remove P. M. Baum as an attorney; proof was taken; it was decided to grant the motion. On application of Mr. Baum's counsel, I stayed proceedings pending an appeal to the court of appeals. I

understand that no order has been entered on the decision to remove the attorney Baum." To the specification that defendant obtained the certificate from Justice Hardin by fraud, and presented the same to this court fraudulently, he makes answer, and denies that he practiced any fraud upon Justice Hardin; denies that he went to a remote part of the State to obtain that certificate. He gives the history of his practice in New York, and states that Justice Hardin was well acquainted with him from boyhood, and was thoroughly conversant with his whole career as a practicing attorney in the courts of New York. Defendant also denies that any order disbarring him in New York was withheld from record upon the condition of his leaving that State. No replication was filed by counsel for the bar association. No reference was asked by either party, but the cause was submitted on the pleadings, counsel for the association remarking that he submitted it as he would a motion for judgment on the pleadings in a civil case; in other words, that the confessions of the answer were sufficient to entitle the complainant to an order disbarring the defendant.

*McCutcheon & McIntire*, for the Bar Association.

*N. W. McConnell*, for Respondent.

De Witt, J.—This case is not an appeal. It is one which this court meets originally. It must be determined upon the pleadings and the evidence. The evidence is the record of the New York proceeding and Justice Barnard's letter, which counsel agree to treat as competent evidence. We are of opinion that the second specification demands but little attention. Fraud in obtaining Justice Hardin's certificate is directly charged. It is as directly denied. And the answer further states that Justice Hardin was fully acquainted with defendant's whole professional career in New York, and therefore necessarily with the Poughkeepsie disbarment proceedings. Fraud against this court in presenting that certificate is alleged, and also denied. Fraud must be proved, and cannot be presumed. The denial is broader than the allegation. There is no evidence. This specification, taken by itself simply as a fraud upon Justice Hardin, of New York, and upon this court,

must fall. We will advert to it, however, in considering the other specification; that is, that when defendant made his application to practice, he was disbarred in the State of New York. Here, again, the case must be determined upon the pleadings and evidence. At the outset, we are prepared to say, that if it appeared to this court that an applicant for an admission to the most honorable of all the professions had been excluded from that high office by the judgment of another competent court, the protection of the purity of our own bar, and the comity due to the court of a sister State, would demand extraordinary circumstances to impel us to re-instate such person to the honorable fellowship from which he had been expelled. It appears that the Supreme Court of New York, by a divided bench, decided to disbar the defendant; that thereupon proceedings were stayed, and no order of disbarment made, pending an appeal to the court of appeals; that thereafter the prosecution was abandoned. It certainly appears that the defendant was not disbarred in New York. But counsel for the bar association urge that the referee's report in the New York proceedings shows a sufficient cause for disbarment (whether it does we do not say), and that this court should act upon such report, regardless of what the New York court has, or has not, done. To make this original inquiry into acts alleged to have been committed in another and remote jurisdiction, in the face of the certificate of a presiding justice of the Supreme Court of New York, that defendant was in good standing, we believe is beyond our duty, in consideration of the circumstance that the New York court has properly taken jurisdiction of those matters; and one of two things must be true: either the case is undetermined by final judgment in New York, or the prosecution in that State has been abandoned. If the latter be the fact, we must conclude, under these pleadings, that the abandonment was for sufficient grounds, and favorable to the defendant. If the former be the situation, it will be time enough for us to consider the New York case when the order of the Supreme Court of that State has been made against defendant, and an appeal from that order either abandoned or such order affirmed by the appellate court of that State. Courtesy to the New York courts suggest that we examine their final conclusions,

when made, and not ordinarily the grounds therefor, and especially not the grounds before the conclusion is reached.    We do not lay down the rule that unprofessional conduct of lawyers of this court, committed without the limits of this State, may not be inquired into, but only hold that the circumstances of this case do not seem to warrant such inquiry.    The charges against the defendant are dismissed.

BLAKE, C. J., and HARWOOD, J., concur.